[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE VERDICT
The defendant has asked the court to set aside the verdict on the ground that a portion of the charge refers to blatant and obvious negligence not requiring expert testimony. The defendant claims that the jury could have been misled into thinking that they could decide on their own that the defendant was negligent without regard to expert testimony.
That portion of the charge, (see last paragraph of the transcript at page 14 and the first paragraph on page 15), refers to the law excepting such situations from the requirement of expert testimony. The lest sentence, if taken out of context with the preceding portion of the paragraph, could conceivably mislead the jury. However, that paragraph specifically states ". . . as I said before expert testimony as to the standard of care a surgeonin this particular case (emphasis added) is needed to set out the standard of care."
The court went on to reiterate its position that expert CT Page 2072 testimony was required in this case. It had indeed stated this at least four other times.
At page 12 of the transcript the court stated the need for expert testimony to define the standard of care.
At page 20 of the transcript the court said the jury must determine the standard of care ". . . based upon the testimony of the physicians who have testified in this case . . ."
At page 21 of the transcript the court said "when determining the standard of care you may choose to completely accept or completely reject the testimony of any expert witness or you may choose to accept only parts of the testimony of an expert witness."
Again, at page 23 of the transcript in discussing the necessity of establishing a causal connection between the negligence and the injury, the court repeated, "and of course, again, in order to prove this the plaintiff must against present evidence from a qualified expert."
The court, in refusing to recharge the jury on request of the defendant recognized that the paragraph excepted to was merely explanatory of when expert testimony would or would not be required. It specifically charged that expert testimony was required in this case. It repeated this two times later in the charge.
It is unconceivable to the court that this very minor portion of the charge could, in any way, have misled the jury since the major portion of the evidence consisted of a "battle" between experts as to whether or not there was a violation of the standard of care.
The motion to set aside the verdict is, therefore, denied.
Freed, J.